626 F.2d 345
 Donnie Ray CLAY, Individually and as a representative of his
class, Appellant,
v.
James L. MILLER, Individually and in his capacity as Sheriff
of Halifax County, Virginia, Appellee.
 No. 80-6026.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 6, 1980.
Decided July 16, 1980.
 
 J. E. Greenbacker, Jr., Halifax, Va. (J. E. Greenbacker & Son, Halifax, Va., on brief), for appellant.
 Howard P. Anderson, Jr., Halifax, Va., for appellee.
 Before HALL and PHILLIPS, Circuit Judges, and WALTER E. HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff Clay, on behalf of himself and a proposed class of those similarly situated, filed suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 alleging that exercise opportunities for inmates held more than 30 days in the Halifax County Jail did not meet minimum state and constitutional standards as applied to pre-trial and post-conviction detainees. Defendant filed a motion to dismiss and a motion for summary judgment, with supporting affidavits. Plaintiffs responded with a cross-motion for summary judgment. The final order of the district court granting defendant's motions, denying plaintiffs' cross-motion, denying class certification, and ordering the case dismissed was entered on November 2, 1979.
 
 
 2
 Plaintiff Clay's prayer for injunctive relief is moot because he has served his sentence and was released on August 19, 1979. Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). His denomination of this action as a class action does not save his request for injunctive relief because he was not a member of the class he purported to represent at the time class certification was denied by the district court. See: Sosna v. Iowa, 419 U.S. 393, 402-03, 95 S.Ct. 553, 558-59, 42 L.Ed.2d 532 (1975). Only his damage claim, which arises out of the five months he spent in Halifax County Jail, survives his release from custody. Therefore, the sole issue before us is that involving the legal adequacy of the opportunities afforded for exercise at the Halifax County Jail.
 
 
 3
 While at Halifax, Clay was confined to his cell and the adjoining cell block area. The adjoining cell block area, also known as the bullpen or day room, is accessible to inmates 18 hours a day. The day rooms measure 32 feet by 6.5 feet for cell blocks of six cells and 16 feet by 6.5 feet for cell blocks of three cells, and are used by the inmates for walking, running in place, sit-ups and other individual exercises. The district court found that the provision of these cell block bullpen areas for exercise purposes satisfies minimum constitutional and state standards.
 
 
 4
 Rule XIIIA of the Rules and Regulations for the Administration of Local Jails and Lockups promulgated by the Virginia Department of Corrections provides that "Any person held more than thirty days shall be afforded regular physical exercise or activity." The district court found that all inmates at the Halifax County Jail have the use of the day room daily and that they are encouraged to use that room for exercise. Clay, although he may have declined to take advantage of the opportunity, was free to leave his cell 18 hours a day for exercise purposes in the day room. We agree with the district court that the Virginia rule requires nothing more than what was provided to Clay.
 
 
 5
 It is true that, in certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment. See, e. g., Kirby v. Blackledge, 530 F.2d 583 (4th Cir. 1976); Rhem v. Malcolm, 507 F.2d 333 (2d Cir. 1974). In deciding whether conditions at a jail are so onerously burdensome as to reach constitutional dimensions, courts must look at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate. See, e. g., Dorrough v. Hogan, 563 F.2d 1259, 1263 (5th Cir. 1977), cert. denied, 439 U.S. 850, 99 S.Ct. 153, 58 L.Ed.2d 153 (1978). See also Kirby v. Blackledge, supra. There has been no showing that Clay's mental or physical health was threatened as a result of not being provided more space or facilities than that provided by the day room area. We agree with the district court that the conditions at Halifax County Jail satisfy minimum constitutional standards. See Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied sub nom., Sostre v. Oswald, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972) (one hour of exercise per day not unconstitutional). We are not prepared, nor do we have the power, to require Halifax County to provide additional funds for the purpose of providing facilities which offer more opportunities for recreation and exercise than that required under minimum constitutional standards.
 
 
 6
 There being no genuine issues of material fact remaining in dispute, entry of summary judgment in favor of defendant was proper. Clay is not entitled to damages.
 
 
 7
 AFFIRMED.