Rusty Allen BENNETT, Individually and on behalf of himself and all other inmates of the jail, Plaintiff,

v.

Robert WESTFALL, Individually and in his official capacity as Sheriff of Jackson County, West Virginia; Stan Rawlings, Individually and in his official capacity as Jackson County Commissioner and as Representative of all other members of the Commission; Roger Fisher, individually and in his official capacity as Jackson County Commissioner and President of the Jackson County Commission and as Representative of all other members of the Commission; Emerson Snyder, individually and in his official capacity as Jackson County Commissioner and as Representative of all other members of the Commission; Rick Casto, Individually and in his official capacity as Jailer; Annable Durst, Individually and in her official capacity as Clerk of the Jackson County Commission, Defendants.

Civ. A. No. 85–1586.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

July 22, 1986.

Rusty Allen Bennett, pro se.

John D. Hoffman, Pros. Atty. of Jackson County, Ripley, W.Va., for all defendants.

George J. Cosenza, Parkersburg, W.Va., for Westfall and Casto.

Ralph E. Phillips, Ripley, W.Va., for Rawlings, Fisher, Snyder and Taylor.

## MEMORANDUM OPINION
## AND ORDER

HADEN, Chief Judge.

Pending before the Court are a couple of motions, the resolution of which will vitally affect the nature of the present litigation. The Defendants have moved (1) for an order that this action is not maintainable as a class action and (2) for summary judgment. The *pro se* Plaintiff has responded to both motions after receiving *Roseboro* notices.[1] Consequently, the Court now deems the motions mature for decision.

■ Turning first to the class action question, the Court finds the arguments of the Defendants to be persuasive. The Court agrees with the Defendants that the Plaintiff has failed to carry his burden of demonstrating that this action is appropriate for class treatment under *Rule* 23. *Poindexter v. Teubert*, 462 F.2d 1096 (4th Cir.1972) (burden on the plaintiff to show propriety of class action).[2] Although the Court has serious doubts about the numerosity of the suggested class being such as to prevent joinder of all the members, the Court finds the weakest part of the Plaintiff's proposed class action to be the adequacy of the named Plaintiff to protect the interests of the class. *Rule* 23(a)(4).

The named Plaintiff is now incarcerated at the Huttonsville Correctional Institution. He has not been lodged at the Jackson County Jail for quite some time. His removal from the situation at the jail certainly affects his ability to adequately represent the interests of any purported class. It is also well settled that a named class representative must be a member of the class at the time the class is certified. *East Texas Motor Freight System v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Clay v. Miller*, 626 F.2d 345 (4th Cir.1980). The class has not been certified and the Plaintiff is certainly not a member of an appropriate class at the present time.

One court has held that the solution to a prisoner, who is a named plaintiff in a purported class action, being transferred out of a facility is to substitute a new representative, not to dismiss the class claims. *Stewart v. Winter*, 669 F.2d 328, 334 (5th Cir.1982). This "solution," of course, presupposes the existence of a viable class. More importantly, it presupposes the existence of another representative. Crucial to the Court's holding today is its conclusion that the Plaintiff's claims are of a singular nature. Nowhere in the record is there evidence that other inmates of the Jackson County Jail are willing to join in the Plaintiff's litigation. Indeed, the only other inmate to join this action has since indicated his desire to be removed from the litigation and has been dismissed by the Court. *See* Order entered April 7, 1986. Although the Court did note earlier that the Plaintiff was bringing this action as a class action,[3] the further development of

---

1. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2. The Sixth Circuit has more specifically articulated the burden on the plaintiff in showing the suitability of a case for class action treatment.

    "The burden is on [the plaintiff], the party seeking to utilize the class action device, to establish his right to do so.... As a preliminary matter, he must satisfy all four of the prerequisites contained in *Rule* 23(a) and then demonstrate that the class he seeks to represent falls within one of the subcategories of *Rule* 23(b)."

*Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.1976); *see also Ross v. Reed*, 719 F.2d 689, 694 n. 4 (4th Cir.1983); and *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594 (4th Cir.1976).

3. The Court left open the question of class certification. *See* Order entered February 4, 1986. The Plaintiff has since done very little to advance his apparent claim that class certification is appropriate. In this regard, the Supreme Court has noted that "the named plaintiff's failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those

the record has convinced the Court that the Plaintiff's complaints and motivation are of a personal nature.[4]

Turning to the motion for summary judgment, the Court notes initially that the Plaintiff's claims for injunctive and declaratory relief are moot. The Plaintiff is no longer confined in the Jackson County Jail; therefore, he "does not have sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir.1983). *See also Clay v. Miller*, 626 F.2d 345 (4th Cir.1980); and *Inmates v. Owens*, 561 F.2d 560 (4th Cir. 1977). The only claim of the Plaintiff which survives his transfer from the Jackson County Jail is his personal claim for damages. *Clay v. Miller, supra.*[5]

With regard to the Plaintiff's claim for damages, the Court deems genuine issues of material fact to exist on the present state of the record. The Defendants have filed affidavits denying the Plaintiff's allegations generally. The Plaintiff, however, counters with his own affidavit. The Court is unable under the limitations of the summary judgment mechanism to reconcile the different factual accounts of any deprivation suffered by the Plaintiff. The Court thus concludes that there are issues properly suited for jury resolution.

In considering the summary judgment motion of Annabelle Taylor, Clerk of the Jackson County Commission, the Court notes that Mrs. Taylor's involvement in the facts underlying the Plaintiff's claims is at best indirect. It is well settled that an official cannot be vicariously liable for damages in a Section 1983 suit. *Monell v.*

*Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Ross v. Reed*, 719 F.2d 689 (4th Cir.1983). Apparently, the Plaintiff joined Mrs. Taylor because of the statutory provision which requires the Clerk of the County Commission to sign off on any order paying monies out of the county treasury. *W. Va. Code*, § 7–5–4. If a monetary judgment is recovered by the Plaintiff, Mrs. Taylor may have to act in her official capacity to effectuate such a judgment. Therefore, the Court will grant her motion as it respects her individual capacity and deny her motion as it respects her official capacity.

In accordance with the above reasoning, the Court hereby ORDERS as follows:

1. That the motion of the Defendants for a declaration that this action is not maintainable as a class action is granted and it is so declared;

2. That the Plaintiff's claims for injunctive and declaratory relief are moot; and

3. That the Defendant's motion for summary judgment is granted as it respects Annabelle Taylor in her individual capacity and is denied in all other respects.

---

class members might expect to receive." *East Texas Motor Freight System, supra,* 431 U.S. at 405, 97 S.Ct. at 1897–98.

**4.** The Court has mentioned the ambiguity in the Plaintiff's original pleading. February 4, 1986, Order. The complaint prayed for "an order that this action may be maintained as a single action." On the other hand, the Plaintiff also stated that the complaint was brought on behalf of the Plaintiff "and other inmates." The Court gave the Plaintiff the benefit of the doubt in its

earlier Order, but, absent a further showing, must now resolve that doubt against the Plaintiff.

**5.** As the *Clay* court observed, the Plaintiff's "denomination of this action as a class action does not save his request for injunctive relief because he was not a member of the class he purported to represent at the time class certification was denied by the district court." *Clay*, 626 F.2d at 345.