836 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Calvin MITCHELL, Plaintiff-Appellant,
v.
James MARTIN, Governor, Nathan Rice, Bobby Watson, Bob
Seymore, Defendants- Appellees.
 No. 87-6592.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1987.
Decided Dec. 17, 1987.
 
 James Calvin Mitchell, appellant pro so.
 Lucien Capone, III, Assistant Attorney General, for appellees.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Calvin Mitchell, a North Carolina inmate, appeals the dismissal of his 42 U.S.C. Sec. 1983 action. He brought this suit for damages against the Central Prison warden, the superintendent of operations, the chairman of the ICC board, and the Governor of North Carolina. He alleged that his fourteenth and eighth amendment rights were violated because:
 
 
 2
 (1) prison officials tried to provoke him to justify their mental and physical abuse of him;
 
 
 3
 (2) he was forced to shower in full restraints;
 
 
 4
 (3) he Was denied all recreational activities and exercise outside of his cell including daily sunshine and fresh air for extended periods;
 
 
 5
 (4) he was not allowed to clean his cell daily;
 
 
 6
 (5) he was restricted in his use of the law library;
 
 
 7
 (6) when he was disciplined, the only due process he was afforded was the assistance of a staff member to help him when he met with the disciplinary committee; however, he was allowed no witnesses;
 
 
 8
 (7) he was put in restraints in violation of the rules because he was disciplined for an incident which only involved damaged property; and
 
 
 9
 (8) his punishment was unusually severe and as such violated the equal protection clause.
 
 
 10
 The respondents submitted extensive evidence regarding Mitchell's history of assaultive behavior while in prison. A magistrate carefully reviewed all of Mitchell's claims and recommended granting summary judgment for the defendants. After considering Mitchell's objections to the magistrate's report, the district court reviewed the record de novo and adopted the magistrate's report and recommendation. On appeal Mitchell requests a temporary restraining order against the defendants for allegedly harassing him although he states he is no longer in restraints.
 
 
 11
 We have thoroughly reviewed the record, and we find that the district court's decision based on the magistrate's recommendation is correct on all points with the exception of Mitchell's claim that he was denied all exercise and outside activities for three extended periods, one of which exceeded a year. Therefore, this case shall be affirmed in part and vacated in part. Regarding his claim for denial of exercise, Mitchell alleged the folloWing.
 
 
 12
 In July of 1983, after seriously assaulting two inmates and subsequently beating on a guard booth with a broom, Mitchell's out-of-cell privileges were restricted to allow him only to come out of his cell to take a shower each day. Before leaving his cell to shower, he was placed in full restraints. Full restraints included handcuffs, a waistchain, and leg cuffs. After seven months, these out-of-cell restrictions were lifted. One year later, Mitchell again beat on a guard booth with a mop, and, as a result, he was only allowed out of his cell to shower each day. Whenever he came out of his cell to shower, he was placed in full restraints. As a result, Mitchell was allowed no exercise or outdoor activity for a period of thirteen months, after which he was transferred to Caledonia Prison. Mitchell was transferred back to Central Prison in December of 1986, and was involved in a serious altercation with a guard in February of 1987. His out-of-cell privileges were again restricted to allow him to come out of his cell only to take a shower each day. Before being allowed to shower, Mitchell was placed in full restraints. It is not clear from the record how long the restrictions which were placed on Mitchell in February of 1987 were maintained.
 
 
 13
 Summary judgment for the defendants on this claim was inappropriate. Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983) (summary judgment for defendant was improper where plaintiff alleged 46-day denial of out-of-cell exercise); Kirby v. Blackledge, 530 F.2d 583, 584-87 (4th Cir. 1976) (summary judgment for defendant premature because inadequate exercise taken alone can reach level of cruel and unusual punishment). Although the prison had legitimate concerns about Mitchell's assaultive history, these concerns cannot justify a complete denial of exercise for over a year. The courts have reviewed the rights of inmates at least as dangerous as Mitchell and have held that they retain a right to exercise. See, e.g., Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (most dangerous men of prison, each of whom had been convicted of or charged with violent acts while in prison even before being responsible for crimes in which three prison guards and two inmates were killed, would be entitled to fresh air and regular outdoor exercise).
 
 
 14
 We have held that conditions of administrative segregation will meet constitutional standards if inmates are provided regular times to exercise. Shrader v. White. 761 F.2d 975, 981 (4th Cir.1985). Moreover, in Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865-66 (4th Cir.1975), we remanded the case for a determination of whether two exercise periods a week met constitutional standards. Finally, under the circumstances of the instant case, where an inmate was denied all exercise for over a year, we do not think that our holding in Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980), can be construed to mean that Mitchell must first sustain an injury from this denial before he has a valid constitutional claim.
 
 
 15
 Therefore, we vacate the entry of summary judgment on Mitchell's claim regarding the denial of exercise and outdoor activity and remand the case to the district court for further review of that claim. In all other respects, the district court's judgment based on the magistrate's recommendation is affirmed. As Mitchell is no longer in restraints and makes only vague and conclusory allegations of harassment, we deny his motion for a temporary restraining order. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED