39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn WOODEN, Jay Chapman and David McEuen, et al.,
Plaintiffs-Appellants,
v.
The COUNTY OF SHASTA, et al., Defendants-Appellees.
 No. 92-17049.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1994.
Decided Oct. 21, 1994.
 
 Appeal from the United States District Court for the Eastern District of California, No. CIV S-90-1003 EJG; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 1
 Before: POOLE, CANBY and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Plaintiffs, pretrial detainees and sentenced inmates of the Shasta County jails ("plaintiffs"), appeal the dismissal of their 42 U.S.C. Sec. 1983 class action challenging conditions of their confinement. Plaintiffs contend that the district court (1) erred in granting summary judgment in favor of defendants, the County of Shasta and Sheriff Jim Pope ("the County"), on claims raised in the County's motion for partial summary judgment, and (2) improperly granted summary judgment sua sponte on the claims of overcrowding and inadequate staffing, which were not addressed in the County's partial summary judgment motion, because the district court never notified plaintiffs that it was considering summary judgment on these claims. We have jurisdiction over the district court's final judgment pursuant to 28 U.S.C. Sec. 1291. We affirm the district court's grant of summary judgment on all claims raised in the County's partial summary judgment motion. However, we vacate the district court's grant of summary judgment sua sponte on the claims of overcrowding and inadequate staffing and remand the case for further consideration of those claims.
 
 I.
 
 4
 We review the district court's grant of summary judgment de novo. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989). Viewing the evidence in the light most favorable to the non-moving party, we must decide whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. Id.
 
 II.
 
 5
 Plaintiffs contend that the district court erred in granting summary judgment in favor of the County on the issues of medical, dental, and mental health care. Jail officials violate a prisoner's eighth amendment rights if they are deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986) (same standard applies to pretrial detainees). The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." Estelle, 429 U.S. at 105-06; see Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir.1988). Similarly, a difference in opinion as to diagnosis or treatment does not establish a constitutional violation. Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir.1971).
 
 
 6
 In a class action challenging systemic deficiencies in the delivery of medical care in jails, in order to show deliberate indifference on an institutional basis, plaintiffs must demonstrate that either an official jail "policy" or unofficial jail "custom" (i.e., a series of incidents closely related in time disclosing a recurring failure to implement jail policies) "is responsible for a deprivation of rights protected by the Constitution." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91 (1977). Municipal liability for deliberate indifference can be based on customs which have not received formal approval through the governmental body's official decisionmaking channels. Redman v. County of San Diego, 942 F.2d 1435 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992).
 
 A. Medical Care
 
 7
 Plaintiffs contend that the district court erred when it granted summary judgment in favor of the County on the medical care claim. We must examine whether there are triable issues related to (1) the County's policies regarding delivery of medical care to the inmates, or (2) the County's customs regarding delivery of medical care to the inmates.
 
 
 8
 We conclude that plaintiffs have not established a genuine issue of material fact regarding the constitutionality of the County's medical care policies. Moreover, plaintiffs' evidence regarding the customary treatment of inmates establishes, at best, sporadic incidences of negligent care, medical malpractice, or minor delay. None of this evidence indicates that the County's customary medical care treatment amounts to deliberate indifference. Therefore, the district court properly granted summary judgment in favor of the County on the issue of medical care.
 
 B. Dental Care
 
 9
 Plaintiffs contend that the district court erred when it granted summary judgment in favor of the County on the dental care claim. As with the medical care claim, plaintiffs have not established a genuine issue of material fact regarding the constitutionality of the County's dental care policies. Nor does any of the evidence introduced suggest that the County's customary dental care treatment amounts to deliberate indifference. Therefore, the district court properly granted summary judgment in favor of the County on the issue of dental care.
 
 C. Mental Health Care
 
 10
 Plaintiffs contend that the district court erred by granting summary judgment in favor of the County on the mental health care claim. As with the medical and dental care claims, plaintiffs have not established a genuine issue of material fact regarding the constitutionality of the County's mental health care policies, including the use of safety cells to hold nonviolent suicidal inmates. Nor does any of the evidence introduced suggest that the County's mental health care customs amount to deliberate indifference. Therefore, the district court properly granted summary judgment in favor of the County on the issue of mental health care.
 
 III.
 
 11
 Plaintiffs contend that the inventory of the law library at the Shasta County mail jail denies them constitutionally adequate access to the courts. Although the law library contains all volumes of the Supreme Court Reporter series since 1968 and all volumes of the California Reporter series since 1969, plaintiffs complain that the law library does not contain either the Federal Reporter or Federal Supplement series. Plaintiffs also complain that many of the law library's important treatises and hornbooks have not been supplemented in recent years.
 
 
 12
 Pretrial detainees housed in the Shasta County jails have access to the services of an attorney, even if they chose to represent themselves. Thus, they have no constitutional right of access to a law library. See Milton v. Morris, 767 F.2d 1443, 1447 (9th Cir.1985). However, the County does not provide sentenced inmates with access to the services of an attorney. As a result, it is required to provide sentenced inmates with access to a law library that meets minimal constitutional standards. Johnson v. Moore, 948 F.2d 517, 520 (9th Cir.1991).
 
 
 13
 We conclude that plaintiffs have failed to establish a genuine issue of material fact as to whether the lack of certain materials in the jail library denies them meaningful access to the courts. In addition to the materials provided in the law library, it is the County's policy that "[e]very reasonable attempt will be made to accommodate any request for legal materials that are not available in the Inmate Law Library." In light of the type of facility involved here, such a policy provides an acceptable alternative to housing all desired materials in the law library. Therefore, the district court properly granted summary judgment in favor of the County on the issue of adequate law library access.[1]
 
 IV.
 
 14
 Plaintiffs contend that the district court erred in granting summary judgment in favor of the County on the issue of outdoor exercise. The parties presented the district court with conflicting evidence as to the amount of time afforded inmates for exercise outdoors.
 
 
 15
 The complete denial of exercise opportunities for an extended period of time violates the Eighth Amendment (and the Fourteenth Amendment). Toussaint v. McCarthy, 597 F.Supp. 1388, 1412 (N.D.Cal.1984), aff'd in part, rev'd in part, 801 F.2d 1080 (9th Cir.1986) (exercise provisions unaffected), cert. denied, 481 U.S. 1069 (1987). However, if an inmate is afforded adequate time for indoor exercise, outdoor exercise may not be necessary. Toussaint v. McCarthy, 597 F.Supp. at 1412 (citing Clay v. Miller, 626 F.2d 345, 347 (4th Cir.1980) (outdoor exercise not required when prisoner had daily access to dayroom for 18 hours)).
 
 
 16
 It is undisputed that inmates in administrative segregation have daily access to a dayroom for one hour. These rooms contain exercise equipment such as weight machines and exercise bicycles. It is also undisputed that nonsegregated inmates have daily access to a dayroom for 17.5 hours. As a result, any factual dispute in regards to the amount of outdoor exercise actually afforded to inmates is immaterial because all inmates have access to a constitutionally sufficient amount of daily exercise. Therefore, the district court properly granted summary judgment in favor of the County on the issue of outdoor exercise.
 
 V.
 
 17
 Finally, plaintiffs contend that the district court's grant of summary judgment on the claims of overcrowding and inadequate staffing was without notice and therefore improper. We agree.
 
 
 18
 Although these two claims were not part of the County's partial summary judgment motion, the magistrate judge recommended granting "defendants' motion for summary judgment" and dismissing plaintiffs' entire action. In his report, the magistrate judge did not specifically discuss the issues of overcrowding or inadequate staffing. Although plaintiffs were able to file objections to the magistrate judge's findings and recommendations to the district court, the record was already closed by that point.[2] The district court adopted the magistrate judge's report, granted total summary judgment and dismissed the entire action.
 
 
 19
 The County contends that there was no need to provide plaintiffs with notice that these claims were being considered as part of the County's partial summary judgment motion because overcrowding and inadequate staffing allegations are not actionable absent constitutional violations in discrete areas of human need (i.e., food, clothing, medical care, shelter, sanitation or personal safety). Indeed, this circuit has held that overcrowding is not a per se violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir.1982). However, we have also stated that overcrowding when combined with inadequate staffing can violate the Eighth Amendment. Balla v. Idaho State Board of Corrections, 869 F.2d 461, 471 (9th Cir.1989) ("Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an eighth amendment violation.") (citing Hoptowit, 682 F.2d at 1246-49). Thus, plaintiffs' allegations of overcrowding and inadequate staffing may state a ground for relief in regards to sentenced inmates and, by extension, to pretrial detainees.
 
 
 20
 Although the overcrowding and inadequate staffing claims were implicitly considered to some extent when the claims raised in the County's partial summary judgment motion were considered, we conclude that the district court needed to address these two claims separately after notifying plaintiffs that they were going to be considered and giving them an opportunity to present facts and legal argument in support of their position. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Therefore, we vacate the district court's grant of summary judgment on the issues of overcrowding and inadequate staffing and remand the case to the district court for further consideration of those claims.
 
 VI.
 
 21
 For the reasons stated above, the district court's order is
 
 
 22
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.[3]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, plaintiffs contend that since only the main jail contains a law library and inmates from the other two county jails must travel to the main jail, these inmates are denied adequate access to a law library. This argument is without merit. The fact that inmates must travel to another facility to visit a law library does not deny them access to that library. See Bounds v. Smith, 430 U.S. 817, 819 (rejecting prisoner demands for "a library at every prison," approving a plan which called for selected prisons to have law libraries, and holding that prisoners "would be given transportation and housing, if necessary, for a full day's work")
 
 
 [2]
 We find unpersuasive the County's contention that, because plaintiffs had an opportunity to object to the magistrate judge's report, this acted as an adequate substitute for proper notice
 
 
 [3]
 The California Medical Association's request for leave to file an amicus brief outside the briefing period is denied