[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2346 

 DAVID E. GIACALONE,

 Plaintiff, Appellant,

 v.

 LARRY E. DUBOIS, ET AL.,

 Defendants, Appellees.

  

 ADRIAN ALMEIDA,
 Plaintiff, Appellee.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Edward F. Harrington, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

David E. Giacalone on brief pro se. 
Nancy Ankers White, Special Assistant Attorney General, and 
Stephen G. Dietrick, Deputy General Counsel, Department of Correction, 
on brief for appellees.

 

 July 18, 1997
 

 Per Curiam. We have reviewed the parties' briefs and 

the record on appeal.1 Appellant claimed that the defendant 1

prison officials were forbidden by the Eighth Amendment's

prohibition against cruel and unusual punishment from

withdrawing the opportunity for yard exercise as a sanction

for violating a prison rule. The district court dismissed

the complaint. We affirm.

 Exercise is "an identifiable human need," and depriving

an inmate of the ability to exercise may, under certain

circumstances, such as an excessively long deprivation, raise

Eighth Amendment concerns. Wilson v. Seiter, 501 U.S. 294, 

304 (1991); McGuinness v. Dubois, 893 F. Supp. 2, 3 (D. Mass. 

1995), aff'd, 86 F.3d 1146 (1st Cir. 1996) (unpublished per 

curiam; table decision). However, that is not the case here.

We conclude that the district court correctly rejected the

claim that the sanction -- loss of yard exercise for 45 days

-- imposed after appellant was found guilty of assisting in

the assault of another inmate by striking that inmate's head

with his fists and with a typewriter violated the Eighth

Amendment. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 

1997); LeMaire v. Maass, 12 F.3d 1444, 1457-58 (9th Cir. 

  

 1The district court complaint was signed by appellant 1
David E. Giacalone and by Adrian Almeida. Thereafter, the
filings were signed only by Giacalone. Giacalone alone
signed the notice of appeal and the appellant's brief. As a
pro se prisoner cannot represent a fellow inmate, see 
Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41 (1st Cir. 
1982), we treat this appeal as pertaining only to Giacalone.

 -2-

1993); Leonard v. Norris, 797 F.2d 683, 685 (8th Cir. 1986); 

see also McGuinness v. Dubois, 893 F. Supp. at 3 (concluding 

that defendants were entitled to qualified immunity for claim

that a sanction of lost yard time imposed for a succession of

disciplinary convictions, that cumulatively amounted to

approximately one year, did not violate clearly established

Eighth Amendment rights).

 Appellant's citation to state law and state regulations

in support of his Eighth Amendment claim does not further his

case. See Michaud v. Sheriff of Essex County, 390 Mass. 523, 

526, 458 N.E.2d 702, 704 (1983) (opining that inmates'

standing to seek relief based solely on the existence of

conditions at the jail which violate state Department of

Public Health's regulations is unclear); Attorney Gen. v. 

Sheriff of Worcester County, 382 Mass. 57, 59, 413 N.E.2d 

722, 724 (1980) (opining that the Attorney General, as chief

law officer, is an appropriate officer to seek declaratory

relief as to scope of duty to enforce Department of Public

Health regulations). In any event, "[m]ere violations of

state law do not, of course, create constitutional claims."

Vargas-Badillo v. Diaz-Torres, No. 96-1895, 1997 WL 276662, 

at *2 (1st Cir. May 30, 1997) (quoting Roy v. City of 

Augusta, 712 F.2d 1517, 1522 (1st Cir. 1983)). 

 In light of our disposition of appellant's federal

claim, we have no need to reach his contention, belatedly

 -3-

raised in his opposition to defendants' motion to dismiss,

that the loss of yard sanction violated the state

constitution.

 Affirmed. 

 -4-