USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2346 DAVID E. GIACALONE, Plaintiff, Appellant, v. LARRY E. DUBOIS, ET AL., Defendants, Appellees.  ____________ ADRIAN ALMEIDA, Plaintiff, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ David E. Giacalone on brief pro se. __________________ Nancy Ankers White, Special Assistant Attorney General, and ____________________ Stephen G. Dietrick, Deputy General Counsel, Department of Correction, ___________________ on brief for appellees. ____________________ July 18, 1997 ____________________ Per Curiam. We have reviewed the parties' briefs and ___________ the record on appeal.1 Appellant claimed that the defendant 1 prison officials were forbidden by the Eighth Amendment's prohibition against cruel and unusual punishment from withdrawing the opportunity for yard exercise as a sanction for violating a prison rule. The district court dismissed the complaint. We affirm. Exercise is "an identifiable human need," and depriving an inmate of the ability to exercise may, under certain circumstances, such as an excessively long deprivation, raise Eighth Amendment concerns. Wilson v. Seiter, 501 U.S. 294, ______ ______ 304 (1991); McGuinness v. Dubois, 893 F. Supp. 2, 3 (D. Mass. __________ ______ 1995), aff'd, 86 F.3d 1146 (1st Cir. 1996) (unpublished per _____ curiam; table decision). However, that is not the case here. We conclude that the district court correctly rejected the claim that the sanction -- loss of yard exercise for 45 days -- imposed after appellant was found guilty of assisting in the assault of another inmate by striking that inmate's head with his fists and with a typewriter violated the Eighth Amendment. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. ___ ___ _______ 1997); LeMaire v. Maass, 12 F.3d 1444, 1457-58 (9th Cir. _______ _____  ____________________ 1The district court complaint was signed by appellant 1 David E. Giacalone and by Adrian Almeida. Thereafter, the filings were signed only by Giacalone. Giacalone alone signed the notice of appeal and the appellant's brief. As a pro se prisoner cannot represent a fellow inmate, see ___ Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41 (1st Cir. _______________ ______________ 1982), we treat this appeal as pertaining only to Giacalone. -2- 1993); Leonard v. Norris, 797 F.2d 683, 685 (8th Cir. 1986); _______ ______ see also McGuinness v. Dubois, 893 F. Supp. at 3 (concluding ________ __________ ______ that defendants were entitled to qualified immunity for claim that a sanction of lost yard time imposed for a succession of disciplinary convictions, that cumulatively amounted to approximately one year, did not violate clearly established Eighth Amendment rights). Appellant's citation to state law and state regulations in support of his Eighth Amendment claim does not further his case. See Michaud v. Sheriff of Essex County, 390 Mass. 523, ___ _______ _______________________ 526, 458 N.E.2d 702, 704 (1983) (opining that inmates' standing to seek relief based solely on the existence of conditions at the jail which violate state Department of Public Health's regulations is unclear); Attorney Gen. v. _____________ Sheriff of Worcester County, 382 Mass. 57, 59, 413 N.E.2d ____________________________ 722, 724 (1980) (opining that the Attorney General, as chief law officer, is an appropriate officer to seek declaratory relief as to scope of duty to enforce Department of Public Health regulations). In any event, "[m]ere violations of state law do not, of course, create constitutional claims." Vargas-Badillo v. Diaz-Torres, No. 96-1895, 1997 WL 276662, ______________ ___________ at *2 (1st Cir. May 30, 1997) (quoting Roy v. City of ___ _______ Augusta, 712 F.2d 1517, 1522 (1st Cir. 1983)). _______ In light of our disposition of appellant's federal claim, we have no need to reach his contention, belatedly -3- raised in his opposition to defendants' motion to dismiss, that the loss of yard sanction violated the state constitution. Affirmed. _________ -4-