EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MÁXIMO RODRÍGUEZ, acusado y apelante.

*Número:* CR-77-117          *Resuelto:* 31 de octubre de 1978

*Heyda Vigil McClin,* abogada del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Varios agentes del Departamento de Hacienda entraron al negocio del apelante y ocuparon once latas de cerveza y dos botellas de ron. El día anterior a la incautación de las bebidas alcohólicas uno de los agentes había comprado dos cervezas y había visto a otras personas comprando. El acusado no aparece con licencia registrada en los archivos del Departamento de Hacienda y no le mostró a los agentes que intervinieron en su negocio licencia alguna autorizándolo a expender bebidas alcohólicas. Uno de los agentes que intervino declaró que se identificaron como agentes de Rentas Internas; que al principio el acusado trató de impedir la entrada, pero le convencieron y les permitió entrar e inspeccionar con el resultado arriba expuesto.

El apelante fue acusado de infringir el Art. 107(a) de la Ley de Bebidas, Ley Núm. 143 de 30 de junio de 1969 (13 L.P.R.A. sec. 6107(a)) que establece como delito menos grave el expender bebidas alcohólicas sin obtener una licencia. Convicto, se le impuso una multa de $150. Apeló.

Sostiene que el tribunal sentenciador erró al admitir la evidencia sometida (las bebidas incautadas) por ser la misma producto de un registro ilegal e irrazonable.

■ Tradicionalmente el negocio de destilar, almacenar y vender bebidas alcohólicas ha sido objeto de reglamentación. Para dedicarse a las distintas fases de ese negocio se requiere la obtención de una licencia del Secretario de Hacienda. Específicamente los Arts. 12 y 75 de la Ley de Bebidas[1]—13 L.P.R.A. secs. 6012 y 6075—reglamentan la obtención de una licencia para traficante al detalle en bebidas alcohólicas.

El Art. 101 de la citada ley—13 L.P.R.A. sec. 6101—faculta al Secretario de Hacienda a "entrar en cualquier destilería, fábrica, planta, establecimiento comercial o almacén sujeto a las disposiciones de esta ley para realizar investigaciones relacionadas con esta ley."

■ La facultad concedida al Secretario para inspeccionar los establecimientos comerciales no está limitada a aquellos que ya han obtenido licencia para expender bebidas alcohólicas sino que se extiende a todo negocio "sujeto a las disposiciones de esta ley". Si la facultad sólo se limitara a los que hubieran obtenido licencia, los negocios que no la hubieran obtenido gozarían de un privilegio no justificado. La facultad concedida al Secretario está predicada en la naturaleza del negocio, no en el hecho de que haya obtenido o no la licencia requerida por esa ley.

■ Estando así reglamentado el negocio de vender bebidas alcohólicas la persona o entidad que se dedique al mismo implícitamente reconoce la autoridad del Secretario de Hacienda para inspeccionarlo y determinar si ha cumplido con la ley y los reglamentos que la implementaron. *Colonnade*

---

[1] El Art. 12 estableció los derechos de licencia a pagar y el Art. 75 dispone: "Cualquier persona que interese se le expida una licencia de traficante al detalle radicará con el Secretario la correspondiente petición y cumplirá con los requisitos que dicho funcionario le exija. Las licencias de traficantes al detalle se expedirán anualmente y se obtendrán para cada negocio, sitio o establecimiento comercial. Por cada licencia se pagarán los derechos que se especifican en el Artículo 12 de esta ley."

*Catering Corp.* v. *United States,* 397 U.S. 72 (1970). Se entiende que la disposición estatutaria que autoriza al Secretario "a entrar en cualquier . . . establecimiento comercial" equivale a una orden de allanamiento. El Tribunal Supremo de los Estados Unidos en un caso relacionado con el negocio de armas de fuego, que al igual que el negocio de bebidas alcohólicas está permeado de gran interés público, expone: "Sin mayor dificultad concluimos que cuando como en este caso las inspecciones reglamentarias promueven la protección imperativa de los intereses federales y el riesgo o amenaza de que la privacidad quede sujeta al abuso no opera en grado o extensión significativos, procede la inspección sin orden de allanamiento cuando el estatuto específicamente lo autoriza." *United States* v. *Biswell,* 406 U.S. 311, 317 (1972). Y en *G.M. Leasing Corp.* v. *United States,* 429 U.S. 338–353 (1977), ratificando a *United States* v. *Biswell,* supra y *Colonnade Catering Corp.* v. *United States,* supra, expuso: "El Tribunal, por supuesto, ha reconocido que determinado negocio debido a su naturaleza especial y al hecho de que opera voluntariamente, podría quedar sujeto a intrusiones que resultarían impermisibles de tener lugar éstas dentro de un contexto puramente privado." Ver además a *Almeida-Sánchez* v. *United States,* 413 U.S. 266–271 (1973); *United States ex rel. Terraciano* v. *Montanye,* 493 F.2d 682 (2d Cir. 1974); *United States* v. *Petrucci,* 486 F.2d 329–332 (9th Cir. 1973); *Daley* v. *Berzanskis,* 269 N.E.2d 716 (Ill. 1971); Nota: 23 S.D. L. Rev. 261 (1978); Rothstein & Rothstein, *Administrative Searches and Seizures: What Happened to Camara and See?,* 50 Wash. L. Rev. 341–358 (1975); Nota: *Inspections by Administrative Agencies: Clarification of the Warrant Requirement,* 49 Notre Dame Law. 879–886 (1974). Pero véase: Nota: *The Constitution and Privilege Holders: Conditioning the Issuance of a Liquor License Upon Consent to a Warrantless Search,* 48 Ind. L.J. 117 (1972). Ahora bien, esa facultad con-

cedida al Secretario por el estatuto no es una ilimitada e irrestricta. Si el dueño o su representante objetan, no procede hacer uso de la fuerza para llevar a cabo la inspección. Lo que procede entonces es formular denuncia contra el dueño o su representante por violación al Art. 114 de la Ley de Bebidas, 13 L.P.R.A. sec. 6114, que dispone que "[t]oda persona que impida u obstruya la inspección por parte del Secretario de establecimientos comerciales . . . incurrirá en delito menos grave . . . ." *Colonnade Catering Corp.* v. *United States,* supra y *United States* v. *Biswell,* supra.

Habiendo actuado los agentes de Rentas Internas conforme a la facultad concedida al Secretario de Hacienda por la Ley de Bebidas, *se confirmará la sentencia apelada.*

El Juez Presidente Señor Trías Monge no intervino.