USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1895 LUIS VARGAS-BADILLO, Plaintiff - Appellant, v. ANDRES DIAZ-TORRES, ET AL., Defendants - Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dom nguez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ Peter John Porrata, with whom Law Offices of Peter John ___________________ ___________________________ Porrata was on brief for appellant. _______ Sylvia Roger-Stefani, Assistant Solicitor General, _______________________ Department of Justice, with whom Carlos Lugo-Fiol, Solicitor _________________ General and Edda Serrano-Blasini, Deputy Solicitor General, were ____________________ on brief for appellees. ____________________ May 30, 1997 ____________________ TORRUELLA, Chief Judge. Luis Vargas-Badillo ("Vargas") TORRUELLA, Chief Judge.  ___________ brought this damages suit under 42 U.S.C. 1983, claiming that he was illegally arrested and subjected to excessive force by the defendants, two Puerto Rico police officers.1 The district court found that the defendants were entitled to qualified immunity on the unlawful arrest claim, and granted their motion for summary judgment. The court also determined that Vargas failed to state a proper claim of excessive force. Vargas appeals on the unlawful arrest claim, arguing that there was no probable cause to support his warrantless arrest.2 We affirm. BACKGROUND BACKGROUND In the summary judgment context, we review all material facts in genuine dispute in the light most favorable to the non- movant, here Vargas. Serrano-Cruz v. DFI Puerto Rico, 109 F.3d ____________ _______________ 23, 24 (1st Cir. 1997). Vargas was one of three men who were in a Puerto Rico Aqueducts and Sewers Administration truck that collided with a car driven by Minerva Delgado-Gonz lez ("Delgado"). After the collision, which took place at night on a hilly road, Vargas, Delgado, and Vargas' two colleagues agreed to meet at a nearby police station to report the accident.  ____________________ 1 Vargas initially named as defendants an unnamed supervisor and Ismael Betancourt, the superintendent of the Puerto Rico Police Department. The actions against these two other defendants were dismissed through partial judgments, at which point the remaining defendant officers filed their summary judgment motion. 2 On appeal, Vargas does not challenge the district court's determination regarding his failure to state a cognizable excessive force claim.  -2- At the police station, the defendant police officers, Andr s D az-Torres and Andr s Maldonado-Castro, questioned the four persons. Delgado told the officers that Vargas was the driver of the truck -- a fact that Vargas disputes -- and that she thought that he and the other men smelled of alcohol. She also stated that the men had shiny eyes and staggered a bit. When the officers sought out Vargas for further questioning, he was outside the police station, drinking something from a plastic cup. After the officers asked to speak with him, he threw down his cup, entered the station, and began smoking a cigarette. When the officers ordered him to put out the cigarette, Vargas stubbed it out with his shoe on the floor of the police station. Officer D az then told Vargas to dispose of the cigarette in a trash can. Vargas denies being rude or aggressive toward the officers, although he does not deny having taken these particular actions.  Immediately thereafter, the police officers placed Vargas under arrest for driving under the influence of alcohol, under Section 5-801 of the Puerto Rico Vehicle and Traffic Law. P.R. Laws Ann. tit. 9, 1041 et seq. They handcuffed and ________ searched him before transporting him to a police station that had a working breathalyzer. After the breathalyzer test indicated a blood alcohol level of zero percent, Vargas was released. Vargas was subsequently charged on a count of reckless driving based on the same incident -- a criminal charge which was dropped once Vargas' insureragreed to payfor the damagescaused by theaccident. -3- The district court granted summary judgment on the basis of qualified immunity. In so holding, it made two findings: that the defendants were presented with sufficient evidence to establish probable cause for Vargas' arrest, and that although the particular warrantless arrest violated a Puerto Rico statute, it did not violate any clearly established federal law. DISCUSSION DISCUSSION We review the district court's summary judgment determination de novo. Ionics, Inc. v. Elmwood Sensors, Inc., __ ____ _____________ ______________________ 110 F.3d 184, 185 (1st Cir. 1997). A. The Qualified Immunity Standard  A. The Qualified Immunity Standard The doctrine of qualified immunity provides that "government officials performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). ______ __________ Defendant police officers are shielded if either of the following ______ holds: if the federal law allegedly violated was not clearly established at the time of the alleged violation, or if, at summary judgment, there is no genuine dispute of material fact that would prevent a finding that the defendants' actions, with regard to applying or following such clearly established law, were objectively reasonable. See Stella v. Kelley, 63 F.3d 71, ___ ______ ______ 73 (1st Cir. 1995). In effect, qualified immunity protects "all -4- but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). ______ ______ This appeal presents two distinct legal issues. First, we must determine whether the warrantless arrest of a suspected misdemeanant, where the misdemeanor did not occur in the officers' presence, would have violated clearly established federal law as of December 1990. Second, we must determine whether the officers acted in conformity with clearly established law under an objective reasonableness standard. B. The Clearly Established Law B. The Clearly Established Law It is not disputed that at the time of Vargas' arrest, clearly established Fourth Amendment law required that the defendants have probable cause to support Vargas' warrantless arrest. See Beck v. Ohio, 379 U.S. 89, 91 (1964). Whether there ___ ____ ____ were adequate grounds for making a probable cause determination is addressed in the next section. However, Vargas also appears to contend that the officers violated a rule prohibiting warrantless arrests for misdemeanors that do not occur in the presence of the arresting officers. We must thus determine whether such a rule was a clearly established part of federal law in December 1990, when Vargas' arrest occurred. Vargas correctly points out that in Puerto Rico, such a rule exists. Rule 11 of the Puerto Rico Rules of Criminal Procedure provides that a warrantless arrest for a misdemeanor offense is only permitted where the arresting officer has grounds to believe that the misdemeanor was committed in his presence, -5- whereas no such presence requirement governs the warrantless arrest of felons. See P.R. Laws Ann. tit. 34, App. II, R. 11 ___ (1991). Driving under the influence of alcohol is a misdemeanor in Puerto Rico. See P.R. Laws Ann. tit. 9, 1042 (1976). ___ Regardless of whether the arresting officers violated Rule 11, Vargas can offer no support for the proposition that, as of December 1990, this provision had a clear basis in federal _______ constitutional or statutory law. "Mere violations of state law do not, of course, create constitutional claims." Roy v. City of ___ _______ Augusta, 712 F.2d 1517, 1522 (1st Cir. 1983).  _______ To date, neither the Supreme Court nor this circuit ever has held that the Fourth Amendment prohibits warrantless arrests for misdemeanors not committed in the presence of arresting officers. Into this silent past, a "clearly established right" cannot be retrojected. Moreover, cases from sister circuits addressing this very issue have arrived at the opposite conclusion. See, e.g., Pyles v. Raisor, 60 F.3d 1211, ___ ____ _____ ______ 1215 (6th Cir. 1995) (arrestee cannot recover under section 1983 on ground that officers violated state law prohibition of warrantless arrests for misdemeanors not committed in officers' presence); Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990) _____ ______ (same); Street v. Surdyka, 492 F.2d 368, 371-72 (4th Cir. 1974) ______ _______ (same); see also Vargas-Badillo v. D az-Torres, Opinion and _________ ______________ ___________ Order of May 24, 1996, at 12-17 (D.P.R. 1996) (providing an illuminating discussion of the questionable constitutional status of this longstanding rule). Thus, we conclude that the only -6- clearly established federal right implicated in Vargas' warrantless arrest in December 1990 was his Fourth Amendment right not to be arrested without probable cause. C. Objective Reasonableness and Probable Cause C. Objective Reasonableness and Probable Cause We next assess whether the second part of the qualified immunity standard, requiring that the officers acted in an objectively reasonable fashion in light of clearly established law, was met. Here, that assessment turns on the officers' determination of probable cause. In cases applying this [qualified immunity] standard to police arrests in this circuit, an arrest challenged as unsupported by probable cause is deemed "'objectively reasonable'" unless "there clearly was no probable cause at the time the arrest was made." Topp v. Wolkowski, 994 F.2d 45, 48 (1st Cir. 1993) (quoting Floyd ____ _________ _____ v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985)). In the instant case, _______ the evidence giving rise to probable cause to believe Vargas drove under the influence of alcohol was far from substantial -- and yet we cannot say that there clearly was no probable cause from the point of view of reasonable persons standing in these police officers' shoes. See Farrell, 765 F.2d at 5 ("Despite a ___ _______ finding of no probable cause at a later hearing, a police officer should not be found liable under 1983 for a warrantless arrest because the presence of probable cause was merely questionable at the time of arrest."); Briggs v. Malley, 748 F.2d 715, 719 (1st ______ ______ Cir. 1984). -7- The Fourth Amendment requirement of probable cause to perform a warrantless arrest turns on "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck, 379 U.S. at 91; ____ see also United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. ________ _____________ ________ 1987) (quoting Beck). Here, the following undisputed facts ____ could, at the very least, have led reasonable police officers to believe that they were obeying the probable cause requirement in proceeding to arrest Vargas for driving under the influence of alcohol. The officers were informed by Delgado, whether correctly or incorrectly, that Vargas was the driver of the truck. Delgado also informed the defendants that Vargas and the other men smelled of alcohol and had glassy eyes. Reasonable police officers could further believe that Vargas' actions suggested insolence, and were thus the kind of actions that correlate with drunkenness.  It is worth emphasizing that in the qualified immunity context, we need not adjudge whether these facts were legally sufficient grounds for this warrantless arrest.3 We only conclude that the undisputed facts in this case preclude a  ____________________ 3 The evidence suggesting that an arrest was necessary was frankly not very strong in this case. We are concerned, for example, that in light of Vargas' cooperation with the police and voluntary decision to report to the police station, the police so quickly chose the option of arrest and handcuffing, rather than some less severe means to the end of giving him a breathalyzer test. -8- finding that there was clearly no probable cause, or that "no reasonably competent officer would have found probable cause." Prokey v. Watkins, 942 F.2d 67, 72 n.4 (1st Cir. 1991). The ______ _______ reports and observations suggesting that Vargas had been driving while intoxicated were sufficient to satisfy the rule in this circuit that questionable calls on matters of probable cause, such as the one in this case, are protected through the doctrine of qualified immunity. Cf. Rivera v. Murphy, 979 F.2d 259, 263- ___ ______ _______ 64 (1st Cir. 1992) (denying qualified immunity where arresting officer provided "no facts to support his legal conclusion that he had probable cause"). This kind of discretionary judgment call, made routinely by peace officers, must be protected from the chilling effect of personal liability. Our binding precedents addressing qualified immunity strike the difficult balance between chilling effective law enforcement and protecting individual liberties by reviewing allegedly unlawful warrantless arrests to determine whether there was clearly no probable cause, and we follow these precedents today. See, e.g., Topp, 994 F.2d ___ ____ ____ at 48. CONCLUSION CONCLUSION For the foregoing reasons, the district court's grant of summary judgment to the defendants is affirmed. affirmed ________ -9-