Jose Luis **ALVAREZ SEPULVEDA**,
Plaintiff,

v.

Richard **COLON MATOS**,
et al, Defendants.

Civil No. 99–2021 (JAG).

United States District Court,
D. Puerto Rico.

Feb. 24, 2003.

Raul S. Mariani-Franco, San Juan, PR, for plaintiffs.

Eduardo A. Vera-Ramirez, Landron & Vera, LLP, San Juan, PR, for defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

On January 21, 2003, defendants Richard Colon Matos ("Colon"), Carmelo Rosado ("Rosadq"), Eduardo Salas ("Salas"), and Walter Suarez ("Suarez") (collectively "defendants") moved for summary judgment against plaintiff Jose Luis Alvarez Sepulveda's ("Alvarez") claims of Fourth Amendment violations pursuant to 42 U.S.C. § 1983 (Docket No. 72). On February 3, 2003, plaintiff filed an opposition and moved for summary judgment as to defendants liability (Docket No. 78). On

February 5, 2003, defendants opposed plaintiff's cross-motion (Docket No. 81). For the reasons discussed below, the Court **denies** defendants' motion as to Colon and Rosado, and **grants** it as to Suarez and Salas. Furthermore, the Court **denies** plaintiff's cross motion for summary judgment.

## FACTUAL BACKGROUND[1]

Alvarez is the owner of Night Times, Inc. ("Night Times"), an entertainment club located in Puerto Nuevo, Puerto Rico. On May 14, 1999, two individuals dressed in plain clothes, later identified as Colon and Rosado, arrived at the entrance of Night Times in an unmarked car with dark-tinted glass. Colon and Rosado exited the vehicle, jumped an established security perimeter, and approached the door to the club. The security personnel immediately closed the door. Colon and Rosado, without identifying themselves as officers from the Puerto Rico Department of the Treasury and acting in a hostile manner, demanded entrance into the premises. Alvarez intervened with Colon and Rosado and a discussion ensued. During the discussion Rosado cornered Alvarez.

Immediately thereafter, two uniformed police officers arrived at the scene. One of the officers, Heriberto Diaz ("Diaz"), grabbed Alvarez by the throat and tried to choke him. The door opened briefly and Diaz tried to force it open. The door shut immediately, crushing Diaz's hand. The other uniformed officer, Suarez, tried to pry the door open with his police stick. Rosado then grabbed Alvarez by the shoulders and pushed and shoved him, in an effort to get him to order his employees to open the door. Although he is unsure as to the manner in which Rosado restrained him, Alvarez claims Rosado immobilized him and that he suffered pain in the neck area. Alvarez then ordered his employees to open the door.

Colon and Rosado entered the premises and followed Alvarez into his office. While Alvarez was looking for Night Times' liquor license and permits, Salas, Colon and Rosado's supervisor, arrived at the scene and ordered them to arrest Alvarez. Colon and Rosado then took Alvarez to the Puerto Nuevo precinct, where they charged him with obstruction pursuant to 13 P.R. Laws Ann. § 8115c(j).

## DISCUSSION

### A. Summary Judgment Standard

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); see also Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the op-

---

**1.** The Court calls the relevant facts from defendants' statement of uncontested facts (Docket No. 72) as supplemented by plaintiff's statement (Docket No. 78).

posing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to "defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation."

*Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### B. *Defendants' Motion for Summary Judgment*

In their motion, defendants admit to the facts as alleged by Alvarez. They argue that their actions do not rise to the level of a violation of Alvarez's Fourth Amendment rights. The Court, however, disagrees with their arguments as to Colon and Rosado, but agrees that Suarez did not violate Alvarez's Fourth Amendment rights and that Salas is entitled to qualified immunity. The Court will address these issues in sequence.

#### 1. *Colon and Rosado's liability*

■ Colon and Rosado claim that they arrived at Night Times in order to conduct an inspection of the premises in the fulfillment of their duty pursuant to 13 P.R. Laws Ann. § 8145(i).[2] Because the liquor selling industry is highly regulated and, thus, subject to strict governmental scrutiny, the government retains an inherent capacity to conduct searches and inspections in order to ensure compliance with the established laws and regulations. *See New York v. Burger*, 482 U.S. 691, 700, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). "[W]here the privacy interests of the owner are weakened and the government interests in regulating particular businesses are concomitantly heightened, a warrantless inspection of commercial premises may well be reasonable within the meaning of the Fourth Amendment." *Id.* at 701–702, 107 S.Ct. 2636. There are three criteria, however, that must be met in order for the inspection to be deemed reasonable:

First, there must be a "substantial" government interest that informs the regu-

---

**2.** Section 8145(i) states:

The Secretary is empowered to enter any distillery, factory, plant, business establish-ment, or warehouse to carry out the pertinent investigations, subject to the provisions of Part VI, §§ 9501 *et. seq.* of this title.

latory scheme pursuant to which the inspection is made. Second, the warrantless inspections must be "necessary to further [the] regulatory scheme." Finally, "the statute's inspection program, in terms of the certainty and regularity of its application, [must] provid[e] a constitutionally adequate substitute for a warrant." ... it must advise the owner of the commercial premises that the search is being made pursuant to the law and has a properly defined scope; and it must limit the discretion of the inspecting officers

*Id.* at 702–703, 107 S.Ct. 2636 (citations omitted).

In *The People of Puerto Rico v. Rodriguez*, 7 P.R. Offic. Trans. 874, 107 D.P.R. 804, 1978 WL 48818 (1978), the Supreme Court of Puerto Rico recognized the Secretary of the Treasury's authority to conduct warrantless searches, expressly adopting the United States Supreme Court decisions in *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), and *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). *See Rodriguez*, 7 P.R. Offic. Trans. at 876, 107 D.P.R. at 806–807, 1978 WL 48818. The Court, however, expressed that

this statutory power vested in the Secretary is not unconditioned or unrestricted. If the owner or his representative object to the inspection, the agents cannot carry it out by force. The correct course of action then would be to file a complaint against the owner or his representative for violation of [§ 6114], which provides that "[e]very person who prevents or hinders the inspection by the Secretary of business establishments ... shall incur in a misdemeanor...."

*Id.* at 877, 107 D.P.R. at 808, 1978 WL 48818.[3] It is under this context that the Court must examine the reasonableness of Colon and Rosado's actions.

Colon and Rosado attempt to convince the Court that their actions were justified because the door remained shut, hindering their inspection of the premises. They rely, however, on the erroneous presumption that they had a right to use force in order to conduct the inspection. As discussed above, Colon and Rosado were not authorized to use any force to gain entry into the premises. What was reasonable under the circumstances was to identify themselves to Alvarez and to inform him as to the authority under which they purported to inspect the premises. *See, e.g., Biswell*, 406 U.S. at 314, 92 S.Ct. 1593 (Warrantless search upheld where respondent first objected to the search, but submitted when the officers put him on notice of their identity and the legal basis for their action.) If Alvarez continued to object, then it was reasonable for them to arrest him for obstruction. They were not authorized to force their entry. *See, e.g., Colonnade*, 397 U.S. at 77, 90 S.Ct. 774 (Search held unreasonable where statute made it an offense to refuse admission to the inspector rather than authorizing forcible, warrantless entries.) Under the existing standard, the use of force, even if minimal, is unreasonable. *See Id.* There-

---

**3.** 13 P.R. Laws Ann. § 6114 was later repealed and recodified as 13 P.R. Laws Ann. § 8115c(j), which states:

Any person who hinders or obstructs an inspection by the Secretary of business establishments, industrial plants, or taxable products under Part VI, §§ 9501 et seq. of this title, shall be guilty of a misdemeanor, and upon conviction shall be punished a fine of not less than one hundred dollars ($100) or more than five hundred dollars ($500), or imprisonment for a term of not less than thirty (30) days or more than six (6) months.

fore, because Colon and Rosado acted in excess of their authority, the Court denies summary judgment.

 Furthermore, Colon and Rosado claim that, even if they violated Alvarez's Fourth Amendment rights, they are shielded by qualified immunity because "they were entitled to think that they were reasonably promoting the underlying legal framework through their aggressive request for access to the Night Times establishment. . . ." (Docket No. 72 at ¶ 87.)

"[S]tate officials exercising discretionary authority are entitled to qualified immunity insofar as their conduct does not transgress clearly established constitutional or federal statutory rights of which a reasonably prudent official should have been aware." *Buenrostro v. Collazo,* 973 F.2d 39, 42 (1st Cir.1992).

> [T]he test has three prongs. First, this Court must determine, as a matter of law, whether a constitutional violation has occurred. *Canter v. County of Otsego,* 14 Fed.Appx. 518 (6th Cir.2001). If it finds that it has, the Court must then determine if the constitutional right in question was clearly established at the time of the alleged violation. *Hilaire v. City of Laconia,* 71 F.3d 20 (1st Cir. 1995). Third, if it finds that said right was clearly established, the question then remains whether a similarly situated official reasonably "should have understood that the challenged conduct violated" that right. *Id.* at 24.

*Valentin Rodriguez v. Municipality of Barceloneta,* 236 F.Supp.2d 189, 193–94 (D.P.R.2002).

First, because the Court has found that Colon and Rosado's use of force was excessive, the first prong is met. Second, as discussed above, Alvarez's right to be free from forcible entries by treasury agents conducting an inspection had been established since 1978, when the Supreme Court

of Puerto Rico decided *Rodriguez.* Thus, the second prong is met. Third, under settled law, a reasonable officer should have known the limit of his authority to conduct inspections and that any use of force would violate Alvarez's rights. *See St. Hilaire v. City of Laconia,* 71 F.3d 20, 24 (1st Cir.1995) ("In determining whether there is a qualified immunity defense 'the court should ask whether the agents acted reasonably under settled law in the circumstances.' "); *see also Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). Accordingly, the Court finds that Colon and Rosado are not entitled to qualified immunity.

### 2. *Suarez's Liability*

 The only allegation against Suarez is that he tried to force open the door using his police stick. At that moment, however, the door was crushing Diaz's hand. It is the opinion of this Court that exigent circumstances justified Suarez's attempt to forcibly open the door. *See McCabe v. Life–Line Ambulance Service, Inc.,* 77 F.3d 540, 545 (1st Cir.1996). Accordingly, the Court grants summary judgment as to Suarez and dismisses Alvarez's claims against him.

### 3. *Salas' Liability*

 Salas arrived at Night Times after the incident at the door had passed. He entered Alvarez's office and ordered Colon and Rosado to arrest Alvarez. Although at the time they did not inform Alvarez of the charge against him, it was later found out that the charge was obstruction pursuant to 13 P.R. Laws Ann. § 8115c(j). Salas argues that Alvarez's claims against him must be dismissed because he is protected from liability by the doctrine of qualified immunity. The Court agrees.

Qualified immunity "strives to balance [the law's] desire to compensate those whose rights are infringed by state actors with an equally compelling desire to shield public servants from undue interference with the performance of their duties and from threats of liability which, though unfounded, may nevertheless be unbearably disruptive." *Buenrostro,* 973 F.2d at 42 (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "[S]tate officials exercising discretionary authority are entitled to qualified immunity insofar as their conduct does not transgress clearly established constitutional or federal statutory rights of which a reasonably prudent official should have been aware." *Id.* "To ascertain a defendant's eligibility for such immunity, a court must inquire into the objective legal reasonableness of the defendant's actions, gauged in connection with the mosaic of legal rules that were clearly established when the defendant acted." *Iacobucci v. Boulter,* 193 F.3d 14, 21 (1st Cir.1999) (*citing Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

> Defendant police officers are shielded if either of the following holds: if the federal law allegedly violated was not clearly established at the time of the alleged violation, or if, at summary judgment, there is no genuine dispute of material fact that would prevent a finding that the defendants' actions, with regard to applying or following such clearly established law, were objectively reasonable.

*Vargas–Badillo v. Diaz–Torres,* 114 F.3d 3, 5 (1st Cir.1997) (*citing Stella v. Kelley,* 63 F.3d 71, 73 (1st Cir.1995)).

Following the First Circuit's decision in *Vargas–Badillo,* the Court concludes that Salas is protected by qualified immunity. First, although Rule 11 of the Puerto Rico Rules of Criminal Procedure only authorizes warrantless misdemeanor arrests if the offense was committed in the officer's presence, the First Circuit has found that no such limitation exists under the Fourth Amendment. *See Vargas–Badillo,* 114 F.3d at 6. Therefore, "the only clearly established federal right implicated in [plaintiff's] warrantless arrest ... was his Fourth Amendment right not to be arrested without probable cause." *Id.; see also Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

Second, because the law was clearly established at the time, the Court must determine whether Salas had reasonable probable cause to arrest Alvarez. The Court, however, "need not adjudge whether these facts were legally sufficient grounds for this warrantless arrest," but rather, whether the "undisputed facts in this case preclude a finding that there was clearly no probable cause, or that 'no reasonably competent officer would have found probable cause.'" *Vargas–Badillo,* 114 F.3d at 7 (*quoting Prokey v. Watkins,* 942 F.2d 67, 72 n. 4 (1st Cir.1991)).

From the undisputed facts relevant to defendants' motion it appears that Salas did have probable cause to arrest Alvarez. Alvarez admits to obstructing the agents' entry into the premises. Moreover, the statute does not require anything other than the act of obstructing. *See* 13 P.R. Laws Ann. § 8115c(j). The fact that in a later proceeding the judge found no probable cause and dismissed the charges against Alvarez does not render Salas liable. *See Floyd v. Farrell,* 765 F.2d 1, 5 (1st Cir.1985) ("Despite a finding of no probable cause at a later hearing, a police officer should not be found liable under § 1983 for a warrantless arrest because the presence of probable cause was merely questionable at the time of arrest.") Therefore, qualified immunity protects Sa-

las from liability and the Court will dismiss Alvarez's claims against him.

**B.** *Plaintiff's Cross Motion for Summary Judgment*

■ Alvarez argues that, since defendants have admitted to their actions during the incident, the Court should enter judgment in his favor as to defendants liability. In a twist of events, however, defendants have submitted with their opposition to plaintiff's cross-motion a contested statement of facts (Docket No. 80), supported by Colon's deposition testimony, which contradicts every statement they previously held as uncontested. Because the Court must rule independently on each motion, the facts as they pertain to plaintiff's cross-motion for summary judgment are now in dispute, thus precluding the entry of summary judgment. *See* Fed. R.Civ.P. 56(c). Therefore, the Court denies summary judgment for plaintiff.

## CONCLUSION

For the foregoing reasons, the Court **denies** defendants' motion for summary judgment as to Colon and Rosado, and **grants** it as to Suarez and Salas. Furthermore, the Court **denies** plaintiff's cross-motion for summary judgment.

IT IS SO ORDERED.