Jose Luis ALVAREZ SEPULVEDA, et al., Plaintiffs

v.

Richard COLON MATOS, et al., Defendants.

Civil No. 99–2021 (JAG).

United States District Court, D. Puerto Rico.

Feb. 27, 2004.

---

Raul S. Mariani–Franco, Mariani Franco Law Office, San Juan, PR, for Plaintiffs.

Marie L. Cortes–Cortes, Llovet, Zurinaga & Lopez, PSC, Hato Rey, PR, Judith Martinez–Fortier, Commonwealth Department of Justice, San Juan, PR, Eduardo A. Vera–Ramirez, Landron & Vera LLP, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 13, 1999, plaintiff Jose Luis Alvarez Sepulveda ("Alvarez"), his wife, Grisel Figueroa Medina ("Figueroa"), and the conjugal partnership constituted between them (collectively "Plaintiffs") brought suit against Richard Colon Matos ("Colon"), Camilo Rosado ("Rosado"), Edgardo Salas ("Salas"), and Walter Suarez ("Suarez") (collectively "Defendants") for civil rights violations pursuant to 42 U.S.C. § 1983 (Docket No. 1).[1] On March 5th, 2003, a jury returned a verdict for Alvarez in the amount of $175,000.00 for compensatory damages and $175,000.00 in the form of punitive damages against Colon. The jury also found that Rosado was entitled to qualified immunity (Docket No. 104).

Pending before the Court are Colon's post-verdict motions for reconsideration of the Court's Opinion and Order denying summary judgment, judgment as a matter of law pursuant to Fed.R.Civ.P. 50, new trial or, in the alternative, remittitur, pursuant to Fed.R.Civ.P. 59 (Docket No. 107); Alvarez's bill of costs seeking the recovery of $7,620.16 from Colon (Docket No. 105); and Alvarez's motion for attorney's fees pursuant to 42 U.S.C. § 1988 (Docket No. 106). For the reasons discussed below, the Court **DENIES** Colon's post-verdict

---

1. The original complaint mentioned other defendants, yet these were dismissed on January 21, 2003 as part of a partial judgment dismissing Plaintiffs' supplemental causes of action (Docket No. 71). Furthermore, only Colon and Rosado went to trial since the Court granted summary judgment for Suarez and Salas on February 24, 2003 (Docket No. 87).

motions, and **GRANTS** Alvarez's bill of costs in the amount of $4145.63 and the motion for attorney's fees in the amount of $41,641.00.

## DISCUSSION

### A. *Defendant Colon Matos' Post–Verdict Motions*

#### 1. *Motion for Reconsideration of Holding on Request for Summary Judgment under Rule 56*

Rule 56 allows a party to obtain a determination in its favor without the need to proceed to trial. The moving party must "show that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56 is, by its nature, a pretrial tool that promotes judicial efficiency and economy: if the motion is granted, trial becomes unnecessary, while if the motion is denied, the issues will be resolved at trial. Because of this, "[s]ummary judgment motions must, according to Rule 56(c), be brought at least 10 days prior to trial, and as a practical matter will need to be brought significantly before trial." 11 James Wm. Moore, *Moore's Federal Practice 3D* § 56.30[7][c], at 56–236 (2003).

■ In this case, Defendants presented a timely motion for summary judgment. This Court denied Defendants' motion for summary judgment as to Colon and Rosado, and granted it as to Suarez and Salas. Defendants did not move for reconsideration of that order and the case went to trial, where the jury reached a verdict against Colon, who now requests the Court to use its discretion to reconsider its previous decision and grant summary judgment. In support of his request, Colon argues that when Defendants filed the initial motion for summary judgment they were not in possession of some evidence (specifically a witness' deposition) which rendered Alvarez's evidence contradictory as to the agent responsible for the alleged civil rights violations. He asserts that since the identity of the official is a key element in establishing a § 1983 claim, this contradiction should move the Court to dismiss the complaint.

■ The Court finds Colon's motion for reconsideration of summary judgment untimely and meritless. Summary judgment is appropriate before trial, given its purpose and nature, while in the case at bar the jury has already reached its verdict. "The law is clear that, after trial, the denial of summary judgment merges into the verdict and cannot be assigned as error." *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 118 (1st Cir.2003); *See also Acevedo–Garcia v. Monroig*, 351 F.3d 547, 557 (1st Cir.2003); *Rivera–Torres v. Ortiz Velez*, 341 F.3d 86, 92 (1st Cir.2003); *Iacobucci v. Boulter*, 193 F.3d 14, 22 (1st Cir.1999); *Eastern Mountain Platform Tennis, Inc. v. Sherwin–Williams Company, Inc.*, 40 F.3d 492, 497 (1st Cir.1994). Moreover, summary judgment should only be granted when there are no issues of material fact, thus, a contradiction such as Colon asserts prevents the entry of summary judgment. Colon had the opportunity to present his full evidence before the jury at trial, thus he cannot claim any harm from previously presenting an incomplete record. He has other vehicles available for obtaining post-verdict relief, therefore the motion for reconsideration of summary judgment must be denied.

#### 2. *Motion for Judgment as a Matter of Law under Rule 50*

■ Rule 50 allows a party during a jury trial to move the Court for entry of

judgment as a matter of law if the opposing party "has been fully heard on an issue and there is no legal sufficient evidentiary basis for a reasonable jury to find for that party on that issue...." Fed.R.Civ.P. 50(a)(1). If the Court decides to deny the motion, "[t]he movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment...." Fed.R.Civ.P. 50(b). "[T]he party renewing a motion for judgment as a matter of law pursuant to Rule 50(b) 'is required to have moved for judgment as a matter of law at the close of all the evidence.'" *Taber Partners I v. Insurance Co. of North America, Inc.*, 917 F.Supp. 112, 115 (D.P.R.1996) (*quoting Keisling v. SER–Jobs for Progress, Inc.*, 19 F.3d 755, 758 (1st Cir.1994)).

■ "A motion for judgment as a matter of law, like a motion for summary judgment, questions whether a reasonable jury could reach only one result based upon the evidence." *Id.*(*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251, 106 S.Ct. 2505). As part of this analysis, courts "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." Moore, *supra* 9 § 50.06[6][b], at 50–40. Pursuant to Fed.R.Civ.P. 50, Colon's "motion for judgment cannot be granted unless, as matter of law, [plaintiff] failed to make a case, and, therefore, a verdict in movant's favor should have been directed." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940).

■ Colon argues that the evidence is legally insufficient to support the jury's verdict. He claims that the Court instructed the jury with an incorrect standard for unreasonable use of force. He rests on the allegation that the standard applicable to police officers in the exercise of their duty should take into consideration how a reasonable officer under similar circumstances would have acted. The court, nevertheless, used the "no use of force" standard, according to which, any use of force, even if minimal, is unreasonable. Colon contends that the use of this standard had an adverse effect on the verdict. He asserts there is no evidence that he had any contact with Alvarez other than to arrest him. Furthermore, he claims that Alvarez opened the door to the discotheque voluntarily. Colon's theory is that the evidence in record cannot support such verdict if the Court applies the "reasonable force" standard.

This Court finds Colon's arguments without merit and, thus, sees no reason to overturn the jury's verdict. This Court clearly stated in its Opinion and Order that the applicable standard in cases of civil rights violation during administrative inspections was the "no use of force" standard. (Docket No. 87) In reaching this conclusion, the Court relied on the Puerto Rico Supreme Court case of *Puerto Rico v. Rodriguez*, 1978 WL 48818, 107 D.P.R. 804, 7 P.R. Offic. Trans. 874 (1978), adopting the United States Supreme Court's decision in *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970). These cases explain that, as a counterpoise to the Secretary of Treasury's authority to conduct warrantless inspections, the officers may not, absent a search warrant, force their entry into an establishment in order to conduct administrative inspections. Accordingly, the jury's duty was to consider whether Colon violated Alvarez's Fourth Amendment rights by using force to gain entrance to Alvarez's discotheque in order to perform the inspection. The answer to this question depended heavily on the credibility of each party's witnesses. The jury decided to believe Alvarez's witnesses over Colon's, thus rendering a verdict in his favor. When considering a motion for judgment as a matter of law the court is

not to consider credibility issues or resolve conflicting testimonies, hence the Court must deny the motion and allow the jury's verdict to stand.

### 3. *Motion for New Trial under Rule 59 and Remittitur*

 Rule 59 allows the Court to order a new trial, upon a party's or its own motion, "for any of the reasons for which new trials have heretofore been granted." Fed.R.Civ.P. 59(a); *See also Taber Partners I*, 917 F.Supp. at 116.

> The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of the alleged substantial errors in admission or rejection of evidence or instructions to the jury.

*Montgomery Ward & Co.*, 311 U.S. at 251, 61 S.Ct. 189. The Court may grant a new trial although it has denied the entry of judgment as a matter of law under Fed.R.Civ.P. 50, *China Resource Products (U.S.A.) Ltd. v. Fayda Intern., Inc.*, 856 F.Supp. 856, 862 (D.Del.1994), or even when substantial evidence supports the jury's verdict, *Lama v. Borras*, 16 F.3d 473, 477 (1st Cir.1994). "But this does not mean that the district court should grant a motion for new trial simply because the court would have come to [a] different conclusion." Moore, *supra*, 12 § 59.13[2][a] at 59–44. Instead, a new trial "should only be granted where a 'miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks our conscience.'" *Smith v. Delaware Bay Launch Service, Inc.*, 842 F.Supp. 770, 778 (D.Del.1994) (*quoting Cudone v. Gehret*, 828 F.Supp. 267, 269 (D.Del.1993)).

 "Remittitur is defined as the process by which a court compels a plaintiff to choose between the reduction of an excessive verdict and a new trial." Moore, *supra*, 12 § 59.13[2][g][iii][A] at 59–82; *See also Shu–Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45 (2nd Cir.1984). If the court considers that a jury's verdict is excessive, it may condition the grant of a new trial on the victorious party's refusal to accept a reduced verdict. The court cannot enter a judgment with the reduced verdict without the party's consent. Because remittitur presents a direct interference with the jury's prerogatives, the court limits its concession to the situations in which the award "shocks the judicial conscience". *See Earl v. Bouchard Transp. Co., Inc.*, 917 F.2d 1320, 1328 (2nd Cir. 1990); Moore, *supra*, 12 § 59.13[2][g][iii] at 59–84. "[T]he question [is] whether the amount of damages found by the jury is so excessive and exorbitant as to show passion and prejudice on the part of the jury." *Id.*

Colon offers two main arguments in support of his motion, which he, in turn, divides into smaller arguments. First, Colon claims that the evidence is insufficient to support the verdict of a civil rights violation. He alleges: (1) that Alvarez could not identify Colon as the officer who exerted force on him the day of the inspection; (2) that Alvarez could not establish that the use of force was greater than that necessary to arrest him; (3) that Alvarez admitted that he opened the door, not out of fear of continued use of force, but because he recognized the officers' authority. Moreover, Colon asserts that given Alvarez's failure to prove his damages, both the compensatory and punitive indemnifications are excessive and thus the Court should grant either a new trial or offer Alvarez a remittitur. Colon's second argument rests on the allegation that the Court committed a manifest error of law by in-

structing the jury with an incorrect standard for a civil rights violation. As discussed above, Colon contends that the Court should have instructed the jury with the "reasonable force" standard, rather than the "no use of force" standard. He affirms that this instruction made the jury misjudge the evidence Alvarez offered and, therefore, produced an erroneous verdict.

 The court disagrees. As discussed above, the Court relied on Puerto Rico law to instruct the jury on the acceptable use of force by agents conducting administrative inspections of establishments in the liquor selling industry. Once aware of the standard to be applied, the jury appraised the evidence in favor of Alvarez. Thus, finding no reason to believe that the verdict constitutes a "miscarriage of justice" nor that it "shocks the conscience," the Court will not grant a new trial in this case. *See Smith,* 842 F.Supp. at 778. Furthermore, seeing that the amount of damages found by the jury is not excessive nor does it "shock the judicial conscience" so as to show "prejudice on part of the jury," the Court will not grant a remittitur in this case.

### B. *Alvarez's Bill of Costs*

 Pursuant to Fed.R.Civ.P. 54(d)(1), "costs other than attorney fees shall be allowed as of course to the prevailing party." The statute allows the prevailing party to recover as costs:

(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis North America, Inc.,* 834 F.2d 136, 140 (8th Cir.1987) (*quoting Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

Alvarez seeks to recover $7,620.16 as costs in this case. The Court finds, however, that Alvarez failed to sufficiently explain why some of the costs were necessary to the litigation of the case. Therefore, the Court will grant Alvarez's bill of costs with the following modifications:

### 1. *Fees of the Clerk and Fees for Services of Summons and Complaint*

Alvarez seeks to recover $150.00 as fees of the clerk and $280.00 as fees for service of summons. He is requesting $150.00 for filing fees and $100.00 for service of summons to co-defendant Walter Suarez in Mayagüez. He does not, however, explain the use of the remaining $180.00. Because Alvarez did not describe the need for the requested amount, the Court will only allow the recovery of $150.00 as fees of the clerk and $100.00 as fees for service of summons.

### 2. *Fees for Witnesses*

Alvarez seeks for recovery of $203.04 as fees for witnesses, which he details as follows: (a) $48.25 for each Richard Colon and Camilo Rosado, and (b) $106.54 for Walter Suarez. Because these witnesses are in fact defendants in the case, the Court denies the recovery of this amount.

### 3. Deposition Expenses

 Alvarez seeks to recover $3,005.00 for the cost of taking the depositions of Camilo Rosado, Wanda Rivera, Norberto Sierra, Reinaldo Rivera Colon, and Walter Suarez Ramos. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking depositions fits within [28 U.S.C. § 1920(2) ]." *Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority,* 193 F.R.D. 26, 38 (D.P.R.2000) (*citing Templeman v. Chris Craft Corp.,* 770 F.2d 245, 249 (1st Cir.1985)). The use given to the deposition at trial, even if material, is not the crucial factor in determining whether the deposition expenses are taxable, rather, "[i]t is within the discretion of the district court to tax deposition costs if special circumstances warrant it. . . ." *Templeman,* 770 F.2d at 249. "The determining factor is whether 'the deposition reasonably seemed necessary at the time it was taken.'" *Riofrio Anda v. Ralston Purina Co.,* 772 F.Supp. 46, 55 (D.P.R.1991) (*quoting* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2676 at 474 (1998)).

 Colon argues that the depositions were unnecessary given the dismissal of the claims against Salas (allegedly, the only party against whom they could have been used). The court finds this contention meritless. The fact that the depositions became useless as to one defendant does not mean that they became useless as to the claim as a whole. Moreover, the depositions were taken before the dismissal of the claims against Salas, thus an argument could be made that they "reasonably seemed necessary" at the time. This does not mean, however, that the Court will grant all the deposition expenses that Alvarez addresses in his bill of costs. The Court deems necessary to reduce them by $722.00 because such amount was not properly itemized, thus the Court is not in a position to evaluate the necessity of such expense. As a result, the Court will grant recovery of $2,283.00 as deposition expenses.

### 4. Other Costs

Alvarez requests recovery of $3,982.12 for a number of other expenses incurred during preparation for trial. He seeks to recover $575.00 as fees for service of subpoenas. Since § 1920 allows the recovery of these costs, the Court will permit recovery of $400.00 for service of subpoenas. The Court modifies the amount because Alvarez failed to detail the use of $175.00. In addition, Alvarez seeks recovery of expenses in messenger services ($790.00), reproduction of documents ($1037.49), and telecopier services ($367.00). Alvarez failed, nonetheless, to itemize the rendered services, thus leaving the Court in no position to evaluate their necessity. Therefore, the Court will deny these costs that amount to $2194.49. However, the court will allow recovery of the remaining $1212.63 for postal services ($20.00), on-line research services ($112.63), and translation services ($1080.00). In conclusion, the Court will award $1512.63 for other costs incurred in by Alvarez.

### C. Alvarez's Petition for Attorney's Fees

 "In any action or proceeding to enforce a provision of section . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988. "In order to qualify for attorneys' fees under 42 U.S.C. § 1988, a section 1983 plaintiff must be a prevailing party." *Ramos Padro v. Commonwealth of P.R.,* 100 F.Supp.2d 99, 102 (D.P.R. 2000) (*citing Farrar v. Hobby,* 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494

(1992) and *Hensley v. Eckerhart,* 461 U.S. 424, 443, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "[C]ourts have generally held that a prevailing party should be compensated for its reasonable attorneys' fees, unless special circumstances would make such an award unjust." *Id.; see also Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *de Jesus v. Banco Popular de Puerto Rico,* 918 F.2d 232, 234 (1st Cir.1990).

Because the jury in this case returned a verdict for Alvarez on his section 1983 claims and awarded both compensatory and punitive damages in the amount of $175,000.00 each, there is no question that he is a prevailing party under the applicable standard. Colon did not oppose Alvarez's petition. Finding no reason why such petition should be denied, the Court will award $41,641.00 as attorney's fees. Alvarez's attorney, Raul Mariani Franco, claims 27.50 hours of in-court work at a rate of $190.00 per hour, which this court will grant for a total of $5225.00. Furthermore, Attorney Mariani Franco requests 245.60 hours of out-of-court work at a rate of $160.00 per hour. This Court, however, sees fit to reduce Mariani Franco's request of out-of-court work by 18 hours since a careful analysis of the bill in light of the development of the proceedings shows that he is requesting attorney's fees for claims in which he did not prevail.[2] Hence, the Court considers Mariani Franco entitled to the fees of 227.60 hours of out-of-court work. In conclusion, the Court will award attorney's fees as follows:

| | | | |
|---|---|---|---|
| In Court work | 27.50 hrs * $190.00 = | $ 5,525.00 |
| Out of Court work | 227.6 hrs. * $160.00 = | $36,416.00 |
| TOTAL | | $41,641.00 |

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Colon's post-verdict motions, and

**MODIFIES** and **GRANTS** Alvarez's bill of costs and motion for attorney's fees.

IT IS SO ORDERED.

---

**2.** Mariani Franco requested compensation for 27 hours of work in the opposition to the motion for summary judgment. The Court reduced this amount by 18 hours because said motion was granted in part and denied in part, thus Alvarez was not a prevailing party as to the whole claim.